UNITED STATES

v.

**Bradley T. HATCH, 308 66 7258, Airman Recruit E–1 U. S. Navy.**

NCM 78 0376.

U. S. Navy Court of Military Review.

Sentence Adjudged 29 Nov. 1977.

Decided 27 June 1978.

LT Vance J. Bettis, JAGC, USNR, Appellate Defense Counsel.

CAPT Geoffrey D. Fallon, USMCR, Appellate Government Counsel.

Before DUNBAR, Senior Judge, and BAUM and GREGORY, JJ.

BAUM, Judge:

Appellant claims that his pleas of guilty were rendered improvident as a result of the misrepresentation of counsel concerning the existence of a pretrial agreement. We disagree. As part of his plea providence inquiry with the accused, the military judge asked, "Is there a pretrial agreement in this case?" The defense counsel answered, "No, sir." The judge, thus, strictly complied with the requirement of *United States v. Green*, 24 U.S.C.M.A. 299, 52 C.M.R. 10, 1 M.J. 453 (1976), that he "ascertain whether a plea bargain exists."[1] In light of the defense counsel's answer to the judge's question, there was no reason to pursue the matter further.

Trial defense counsel now asserts in an affidavit that an understanding was reached with trial counsel and that, with respect to the three offenses charged, trial counsel would not go forward with proof of two offenses if appellant's plea of guilty to one were accepted. Appellant contends on the basis of this affidavit that there was a pretrial agreement and that the misrepresentation of counsel and the failure of the trial judge to bring the agreement to light render the pleas of guilty improvident.

We view the facts otherwise. Defense counsel's affidavit does not assert that appellant's pleas of guilty were induced by or based in any way on a promise from the trial counsel not to proceed on two of the specifications. The affidavit, in fact, makes it clear that appellant planned to plead guilty to one specification regardless of trial counsel's response to the defense suggestion that no attempt be made to prove the other offenses.

We are not convinced from this affidavit that there was, in fact, a plea bargain or pretrial agreement in the sense of a promise or agreement from the prosecutor as contemplated in *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). In that case, Chief Justice Burger stated that, "The plea must, of course, be voluntary and knowing and if it was induced by

1. *Id.* at 302, 52 C.M.R. at 13, 1 M.J. at 456.

promises, the essence of those promises must in some way be made known. . . [W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled."[2] We do not believe that defense counsel's affidavit reflects such a bargain. This would explain his answer to the judge. Furthermore, assuming for purposes of argument that there was, in fact, a pretrial agreement, the defense counsel's actions at trial constituted waiver and preclude appellant from now asserting that agreement to be a basis for setting aside the sentence and findings.

This case is distinguished from *United States v. Viereck*, No. 77 1091 (NCMR 7 February 1978), wherein the trial counsel was specifically queried concerning other understandings and actively misled the judge, thus obviating the need to address the question of waiver by defense counsel. In addition, it was clear in that case that the accused believed the unwritten promise was a critical part of the agreement and part of the inducement. From the affidavits in that case, it appeared that the accused may have misunderstood what was required of him. Here, there is no indication of any misunderstanding on the part of appellant which would render his plea improvident. The judge's inquiry fully reveals the providence of appellant's pleas.

Accordingly, the findings and sentence approved on review below are affirmed.

Senior Judge DUNBAR and Judge GREGORY concur.

---

2. *Id.* at 261 and 262, 92 S.Ct. at 499.